IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-cr-455-MHT-SMD |
| | ) | |
| BRENT COLON EASTERLING | ) | |

**PLEA AGREEMENT**

## I. BACKGROUND INFORMATION

**A. Attorneys**

Defense Attorney: Christine Hernandez

United States
Department of Justice Attorneys: Leigh P. Rendé, Gary N. Donner, and Jonathan Ross

**B. Counts and Statutes Charged**

Count 1: 18 U.S.C. § 371 - Conspiracy to commit offenses against the United States, specifically acts in violation of the Animal Welfare Act's animal fighting venture prohibition (7 U.S.C. § 2156) and the prohibition against operating an illegal gambling business (18 U.S.C. § 1955).

Count 2: 7 U.S.C. § 2156(a)(1) and 18 U.S.C. §§ 49(a) and 2 – Sponsoring or exhibiting an animal in an animal fighting venture on or about May 26, 2019.

Count 5: 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – Unlawful possession of animals for the purpose of having animals participate in an animal fighting venture.

Count 7: 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – unlawful sale of animals, on or about February 12, 2019, for the purpose of having animals participate in an animal fighting venture.

Count 8: 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – unlawful sale of animals, on or about March 3, 2019, for the purpose of having animals participate in an animal fighting venture.

Count 9: 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – unlawful sale of animals, on or about September 1, 2019, for the purpose of having animals participate in an animal fighting venture.

Count 10: 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – unlawful sale of animals, on or about September 19, 2019, for the purpose of having animals participate in an animal fighting venture.

Count 11: 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – unlawful sale of animals, on or about September 2, 2020, for the purpose of having animals participate in an animal fighting venture.

Count 12: 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – unlawful sale of animals, on or about September 18, 2020, for the purpose of having animals participate in an animal fighting venture.

Count 14: 7 U.S.C. § 2156(c) and 18 U.S.C. §§ 49(a) and 2 – unlawful use of interstate instrumentality for promoting or furthering Animal Fighting Venture, on or about November 3, 2019, for the purpose of having animals participate in an animal fighting venture inside the limits of the United States.

Count 15: 7 U.S.C. § 2156(c) and 18 U.S.C. §§ 49(a) and 2 – unlawful use of interstate instrumentality for promoting or furthering Animal Fighting Venture, on or about

January 26, 2020, for the purpose of having animals participate in an animal fighting venture inside the limits of the United States.

Count 16:  7 U.S.C. § 2156(c) and 18 U.S.C. §§ 49(a) and 2 – unlawful use of interstate instrumentality for promoting or furthering Animal Fighting Venture, on or about February 23, 2020, for the purpose of having animals participate in an animal fighting venture inside the limits of the United States.

Count 17:  7 U.S.C. § 2156(c) and 18 U.S.C. §§ 49(a) and 2 – unlawful use of interstate instrumentality for promoting or furthering Animal Fighting Venture, on or about April 27, 2020, for the purpose of having animals participate in an animal fighting venture inside the limits of the United States.

Count 22:  18 U.S.C. § 1955(a) and 18 U.S.C. § 2 – Unlawful operation of an illegal gambling business beginning at a time unknown, but no later than January 23, 2021, and continuing through on or about June 11, 2021.

## C. Counts Pleading Pursuant to Plea Agreement

Count 1:  18 U.S.C. § 371 - Conspiracy to commit acts in violation of the Animal Welfare Act's animal fighting venture prohibition (7 U.S.C. § 2156).

Count 11:  7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – unlawful sale of animals, on or about September 2, 2020, for the purpose of having animals participate in an animal fighting venture.

Count 12:  7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2 – unlawful sale of animals, on or about September 18, 2020, for the purpose of having animals participate in an animal fighting venture.

## D. Statutory Penalties

Count 1:     18 U.S.C. § 371

A term of imprisonment of not more than five years; a fine of not more than $250,000, twice the gross loss to victim or twice gross gain to the defendant, whichever is greatest; or both the fine and imprisonment; a term of supervised release of not more than one year; an assessment fee of $100; and an order of restitution.

Count 11:    7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2

A term of imprisonment of not more than five years; a fine of not more than $250,000, twice the gross loss to victim or twice gross gain to the defendant, whichever is greatest; or both the fine and imprisonment; a term of supervised release of not more than one year; an assessment fee of $100; and an order of restitution.

Count 12:    7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49(a) and 2

A term of imprisonment of not more than five years; a fine of not more than $250,000, twice the gross loss to victim or twice gross gain to the defendant, whichever is greatest; or both the fine and imprisonment; a term of supervised release of not more than one year; an assessment fee of $100; and an order of restitution.

## E. Elements of the Offenses

Count 1:         18 U.S.C. § 371

First:    Two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

Second:   the defendant knew the unlawful purpose of the plan and willfully joined in it;

Third:    during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

Fourth:   the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

Counts 11 and 12:   7 U.S.C. § 2156(b)

    First:           The defendant knowingly sold, possessed, or delivered any animal;

    Second:      the defendant did so for the purpose of having the animal participate in an animal fighting venture, namely,

    Third:          an event in or affecting interstate or foreign commerce,

    Fourth:      that involved a fight conducted or to be conducted,

    Fifth:          between at least two animals, and

    Sixth:         it was for purposes of sport, wagering, or entertainment.

## II. INTRODUCTION

Leigh P. Rendé, Gary N. Donner, and Jonathan Ross, attorneys for the United States, and Christine Hernandez, attorney for the defendant, Brent Colon Easterling, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement. The terms are as follows.

## III. THE GOVERNMENT'S PROVISIONS

1.  Pursuant to Rule 11(c)(1)(A), the government agrees that it will, at the sentencing hearing, move to dismiss Counts 2, 5, 7, 8, 9, 10, 14, 15, 16, 17 and 22 of the Indictment as they pertain to this defendant. The government further agrees that it will not bring any additional charges against the defendant for the conduct described in the Indictment.

2.  The government acknowledges that the defendant assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the government of the defendant's intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and allowing the government and the Court to allocate resources

5

efficiently. Provided the defendant otherwise qualifies, and that the defendant does not, before the date of the sentencing hearing, either personally or through the actions of the defense attorney on behalf of the defendant, take any action inconsistent with the acceptance of responsibility, the government will move at or before the sentencing hearing for a further reduction of one level. See U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for a reduction pursuant to § 3E1.1(b) is at the sole discretion of the government. Further, the government reserves the right to oppose the defendant's receiving a two-level reduction pursuant to § 3E1.1(a) should the government receive information indicating that, between the date of the plea hearing and the date of the sentencing hearing, the defendant, either personally or through the actions of the defense attorney on behalf of the defendant, has acted inconsistently with the acceptance of responsibility.

3. The government reserves the right to argue for or against the application of any specific offense characteristic or Chapter 3 adjustment. Additionally, the government reserves the right to provide information to the United States Probation Office (Probation) regarding the defendant's criminal history. This agreement does not obligate the government to make any recommendation regarding the defendant's criminal history score or resulting criminal history category.

4. Except as set forth in this paragraph, the parties have no agreement regarding the calculation of the defendant's advisory Guidelines range. Pursuant to Rule 11(c)(1)(B), the government agrees (1) that it will recommend a sentence at the low end (between bottom and middle) of the applicable advisory Guidelines range and (2) that, to the extent an upward

6

*U.S. v. Brent Colon Easterling*
2:21-cr-455-MHT-SMD
Plea Agreement

departure is warranted pursuant to the Application Notes in U.S.S.G. § 2E3.2, the government will not seek an upward departure of more than two levels.

### IV. THE DEFENDANT'S PROVISIONS

**A.   Plea and Sentencing**

5.   The defendant agrees to plead guilty to Counts 1, 11, and 12 and to make factual admissions of guilt in open court. The defendant further agrees to waive any right the defendant may have to subsequently withdraw the guilty plea pursuant to Rule 11(d). The defendant also promises to refrain from taking any action inconsistent with the defendant's acceptance of responsibility for the offense to which the defendant is pleading guilty.

6.   The defendant understands that the parties have no agreement (except as set forth in this paragraph and in paragraph 4) regarding the calculation of the defendant's advisory Guidelines range, but that the government has agreed to recommend a sentence at the lower end of the applicable advisory Guidelines range and that it will, to the extent an upward departure is warranted pursuant to the Application Notes in U.S.S.G. § 2E3.2, not seek an upward departure of more than two levels.

7.   The defendant understands that the defendant will be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

8.   The defendant understands that the defendant will not be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(B).

9.     The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, regardless of whether that offense is charged or chargeable. The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

**B.     Additional Requirements**

10.     The defendant agrees to surrender all of his chickens to the United States within 30 days of entering his guilty plea.

11.     The defendant agrees not to own or possess any chickens for the duration of his sentence.

**C.     Fines and Restitution**

12.     The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court. The defendant acknowledges that the full fine and restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate. The defendant also agrees that the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

13. To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Further, the defendant will, if requested by the government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful. The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

14. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

15. The defendant agrees to pay the $100 assessment fee per offense on the date of sentencing.

**D.    Freedom of Information Act Waiver**

16. The defendant agrees to waive and hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, see 5 U.S.C. § 552, or the Privacy Act of 1974, see 5 U.S.C. § 552a.

9

*U.S. v. Brent Colon Easterling*
2:21-cr-455-MHT-SMD
Plea Agreement

## V. FACTUAL BASIS

17. The defendant admits the allegations charged in the Indictment and understands that the nature of the charges to which the plea is offered involves proof as to Counts 1, 11, and 12. Specifically, the defendant admits the following to be true and correct:

   a. The defendant conspired with other people to violate the Animal Welfare Act's animal fighting venture prohibition, Title 7, United States Code, Section 2156.

   b. From at least January 2018 through June 11, 2021, periodic cockfighting events were held at a large barn and several nearby outbuildings located off of Country Road 528 in Verbena, Alabama, at or around GPS coordinates 32.748825, -86.433538 ("the Cockfighting Pit").

   c. From at least January 2018 through June 11, 2021, defendant and at least one other individual planned and promoted illegal cockfighting derbies at the Cockfighting Pit. These derbies involved a series of cockfights in which at least two or more roosters fought each other, each with a sharp blade attached to its leg. Defendant knew these cockfights were illegal.

   d. From at least January 2018 through June 11, 2021, defendant promoted illegal cockfighting derbies at the Cockfighting Pit through Facebook messages with other coconspirators.

   e. From at least January 2018 through June 11, 2021, defendant along with his coconspirators promoted the rental of cockhouses in and around the Cockfighting Pit which involved people paying for space in the cockhouses to board their fighting birds at cockfighting events.

*U.S. v. Brent Colon Easterling*
2:21-cr-455-MHT-SMD
Plea Agreement

f. The defendant knew that cockfighting events at the Cockfighting Pit involved at least one or more fights between two or more birds.

g. The defendant knew that the animal fights at the Cockfighting Pit were conducted for the purposes of sport, wagering, and entertainment.

h. From at least January 2018 through June 11, 2021, the defendant and at least one other co-conspirator operated a fighting-bird breeding business at the defendant's residence known as L&L Gamefarm located in Verbena, Alabama. The defendant fed and maintained L&L Gamefarm birds and shipped L&L Gamefarm birds via U.S. Mail to recipients outside of Alabama.

i. The defendant knew that at least a portion of the L&L Gamefarm birds he bred and sold were intended to be used in at least one or more fights between two or more birds which were conducted for the purposes of sport, wagering, or entertainment.

j. On at least five occasions between February 12, 2019, and September 21, 2020, the defendant received payments for the sale of L&L Gamefarm fighting birds in a bank account co-owned with a co-conspirator.

k. On September 2, 2020, the defendant sold a trio of fighting birds (a rooster and two hens) to an undercover agent from South Carolina for $1,500 after sparring the rooster with another rooster in the undercover agent's presence.

l. On September 2, 2020, the defendant sold 12 cockfighting knives and a sheath to an undercover agent from South Carolina for $200.

m. On September 21, 2020, the defendant received $1,700 in a bank account owned by him and a co-conspirator, sent via Western Union on September 18, 2020, from an undercover agent for the purchase and shipment of a trio of fighting birds.

n. On or about October 1, 2020, the defendant used the U.S. Postal Service to ship a trio of fighting birds from Alabama to the undercover agent in South Carolina who had purchased the birds via a Western Union payment on September 18th.

18. The government shall be prepared to and will proffer those facts which the defendant may not have sufficient knowledge to admit. Specifically, the government will inform the Court that, if this case were to go to trial, the government would be able to prove that at least one of the animal fighting events at the Cockfighting Pit between January 2018 and June 11, 2021, affected interstate or foreign commerce.

## VI. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

19. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

20. In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if

12

the government decides to exercise its right to appeal, the defendant is released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VII. BREACH OF THE PLEA AGREEMENT

21. The parties agree that the issue of whether either party has breached this agreement at any time is one that will be resolved by the Court by a preponderance of the evidence, except as set forth in paragraph 23. The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

22. The parties agree that a breach of the plea agreement by the defendant would include, but not be limited to: (1) failing to fulfill each of the defendant's obligations under this plea agreement; (2) committing new criminal conduct; or (3) seeking to withdraw the guilty plea or otherwise engaging in conduct inconsistent with an acceptance of responsibility. Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant will be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant, including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

13

23. The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

24. The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and collateral attack waivers. The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant will be required to file a motion pursuant to Rule 11(d), which the government could oppose.

## VIII. THE DEFENDANT'S ACKNOWLEDGEMENTS

25. The defendant acknowledges that the Court is neither a party to nor bound by this agreement. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case. The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney or the government.

14

26. The defendant acknowledges that the defendant authorized and consented to the negotiations between the government and the attorney for the defendant that led to this agreement.

27. The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the defendant, in a prosecution for perjury or for making a false statement, any statement that the defendant makes. However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in the Indictment or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that guilty plea.

28. The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel—and if necessary to have the Court appoint counsel—at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

29. The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum possible penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to

15

which the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

30. The defendant confirms that the entirety of any agreement between the defendant and the government is set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this agreement and any addendum to this agreement. This agreement consists of 17 pages and 35 paragraphs and an addendum.

31. The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea. The defendant is satisfied with such representation.

32. The defendant acknowledges that the defendant enters this plea agreement and pleads guilty freely and voluntarily. That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

33. The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and the Environment and Natural Resources Division, and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

## IX. THE ATTORNEYS' ACKNOWLEDGEMENTS

34. The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

*U.S. v. Brent Colon Easterling*
2:21-cr-455-MHT-SMD
Plea Agreement

35. The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

This 27th day of July, 2022.

Respectfully submitted,

SANDRA J. STEWART
UNITED STATES ATTORNEY

TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT & NATURAL RESOURCES DIV.

Date: 8/5/22

_____
Gary N. Donner
Leigh P. Rendé
Jonathan Ross
Attorneys for the United States

Date: 7-27-22

_____
Brent Colon Easterling
Defendant

Date: 7-27-22

_____
Christine Hernandez
Attorney for the Defendant

17